Deon L. Thomas, Plaintiff
14626 Red Gum Street
Moreno Valley, CA 92555
dlthomas32@gmail.com
(951) 413-9071

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon L. Thomas<br>Plaintiff<br><br>V.<br><br>IMI/INTEGRITY MARKETING,<br>INC. d/b/a INTEGRITY ALARMS<br><br>Does 1 through 10<br>Defendant(s) | CV 12 - 00699 JAK (JCGx)<br><br>COMPLAINT<br><br>VIOLATION OF FAIR CREDIT REPORTING ACT<br>15 U.S.C. 1681 et seq.<br><br>TRIAL BY JURY |

TO THE CLERK OF THE COURT AND TO THE DEFENDANTS HEREIN

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**Comes now** the Plaintiff Deon L. Thomas :

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act (FCRA) *15 U.S.C. § 1681 et seq.*

**PRELIMI/INTEGRITYNARY STATEMENT**

2. This is an action for damages; brought for damages for the violation of the Fair Credit Reporting Act (FCRA) 15 USC §1681, *et seq.*

## JURISDICTION

3. Jurisdiction of this court arises pursuant to *15 U.S.C. §1681p* and *28 U.S.C. §1331*.

4. All conditions precedent to the bringing of this action have been performed.

## VENUE

5. The Plaintiff, Deon L. Thomas is a natural person and is a resident of the County of Riverside, State of California, and the action occurred here.

6. The Defendant IMI Marketing, Inc., d/b/a Integrity Alarms transact business in the state of California, County of Riverside and in this District.

## PARTIES

7. At all times hereinafter mentioned, The Plaintiff is a resident of Riverside County, State of California. Deon L. Thomas, ("hereinafter Plaintiff").

8. Plaintiff is informed and believes, and thereon alleges, that Defendant IMI Marketing, Inc. ( hereinafter "IMI or Defendants"), with business located at 140 E. Commonwealth Ave., suite 102, Fullerton, CA 92832, was and is a Delaware corporation doing business as "Integrity Alarms" ( hereinafter " Integrity or Defendants"), with business located at 1815 E HEIM AVE #206, ORANGE CA 92885

## FACTUAL ALLEGATION

9. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. 1681(a)(4) reads in relevant part: *"There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a **respect for the consumer's right to privacy".*** (Emphasis added).

10. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OF PURPOSE, 15 U.S.C. 1681(b) reads in relevant part:

"(b) *Reasonable procedures.* It is **the purposes of this title** to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable **to the consumer**, with regard to the **confidentiality,** accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title". (**Emphasis added**).

11. Thus, the strictly limited provisions set forth in section 1681(b) operate to support the **confidentiality** of consumer reports by limiting their dissemination.

12. On or about December of 2010 Plaintiff received his credit report from a major credit reporting agency Equifax and found a entry by an entities that were unknown within the credit report.

13. Upon information and belief, Plaintiff observed his Equifax credit report and discovered that IMI obtained his credit report on or about March of 2010 without his expressed consent.

14. Upon information and belief, Plaintiff observed his Equifax credit report and discovered that INTEGRITY obtained his credit report on or about March of 2010 without his expressed consent.

15. Plaintiff asserts that both DEFENDANTS obtained Plaintiff Equifax credit report on the same day of March 24, 2010.

16. Discovery of the violation of impermissible purpose brought forth herein occurred on or about December of 2010 and are within the statute of limitations as defined in the FCRA *15 U.S.C. § 1681p.*

17. DEFENDANTS are in violation of the Fair Credit Reporting Act (FCRA) *15 U.S.C. § 1681b by* obtaining Plaintiff's credit report without a permissible purpose from Equifax, because at or about the time that

DEFENDANTS obtained Plaintiff's credit report, **none of the** specific and strictly **limited circumstances granting permissible purpose under section 1681(b) applied to** DEFENDANTS.

18. At or about the time DEFENDANTS obtained Plaintiff consumer credit report:

   A. Plaintiff did not authorize consumer reporting agency Equifax to furnish his consumer report to DEFENDANTS.
   B. Plaintiff did not authorize DEFENDANTS to obtain his consumer report from Equifax.
   C. Plaintiff did not apply for any credit, loan, or services with DEFENDANTS.
   D. Plaintiff did not have any contractual relationship for credit, loan, or services with DEFENDANTS.
   E. Plaintiff did not owe any debt to DEFENDANTS.
   F. Plaintiff did not owe any debt as the result of a judgment to DEFENDANTS.
   G. Plaintiff did not apply for any employment with DEFENDANTS.
   H. Plaintiff did not apply for any insurance from DEFENDANTS.
   I. Plaintiff did not have any existing account or credit obligation with DEFENDANTS.
   J. Plaintiff was not named as an "authorized user" on any account with DEFENDANTS.
   K. No court having jurisdiction issued any order to Equifax to furnish Plaintiff's consumer report to DEFENDANTS.
   L. No head of State or local child support enforcement agency requested Equifax to provide Plaintiff's consumer report to DEFENDANTS.

M. No agency administering a state plan under section 454 of the Social Security Act (42 U.S.C. § 654) requested Equifax to provide Plaintiff's consumer report to DEFENDANTS.

N. Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through DEFENDANTS.

O. Plaintiff did not receive any "firm offer of credit or insurance" from DEFENDANTS.

## Count I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT(FCRA), 15 U.S.C. § 1681  WILLFUL NON-COMPLIANCE BY IMI and INTEGRITY

19. Plaintiff restates and reiterates herein all previous paragraphs 1-16.

20. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).

21. Equifax is a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f).

22. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a(d).

23. At no time did Plaintiff give his consent for DEFENDANTS to acquire his Equifax consumer credit report from any credit reporting agency.

24. The action of DEFENDANTS obtaining the consumer credit report of the Plaintiff once from IMI and the other from INTEGRITY, on March 24, 2010 with no permissible purpose or Plaintiff's consent, which was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

///

///

WHEREFORE, Plaintiff demands judgment for damages against each one, IMI and INTEGRITY for statutory damages of $2000.00, attorney's fees, pursuant to 15 U.S.C. § 1681n.

## "DEMAND FOR JURY TRIAL"

Plaintiff hereby DEMAND a trial by jury of all issues as a matter of law.

DATE: Jan. 26, 2012

*Deon L. Thomas* (signature)

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
dlthomas32@gmail.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

State of California        )
                           )ss
County of Riverside        )

Plaintiff, Deon L. Thomas, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil complaint and I believe that all the facts contained in it are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. 1746(2), I Deon L. Thomas, hereby declare or (certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Date: Jan. 26, 2012

*/s/ Deon L. Thomas*

Deon L. Thomas, Plaintiff
14626 Red Gum St.
Moreno Valley, CA 92555
<dlthomas32@gmail.com>

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| Deon L. Thomas <br> _Plaintiff_ <br> v. <br> Integrity Marketing, Inc. d/b/a Integrity Alarms, Does 1 through 10 <br> _Defendant_ | ) ) ) ) ) ) ) ) Civil Action No. 12-00699 JAK (JCGx) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Deon L. Thomas, Plaintiff
14626 Red Gum Street
Moreno Valley, CA 92555

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

CLERK OF COURT

Date: JAN 3 1 2012

MARGO MEAD

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: