FILED

Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
dlthomas32@gmail.com
951-413-9071

2012 MAR 26 PM 12: 29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Deon L. Thomas
  *Plaintiff*

v.

IMI MARKETING, INC.;

INTEGRITY ALARM
  *Defendant(s)*

Case No. 2:12-CV-00699 JAK (JCGx)

**FIRST AMENDED COMPLAINT**

## FIRST AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action brought for damages for violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION

2. This court has jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. All conditions precedent to the bringing of this action has been performed.

## VENUE

4. The occurrences which give rise to this action occurred in Riverside County, California and Plaintiff resides in Riverside County, California.

5. Venue is proper in the Central District of California.

## PARTIES

6. The Plaintiff in this lawsuit is Deon L. Thomas, (hereinafter "Plaintiff") who at all times relevant herein was a resident of Riverside County, California.

7. The Defendant in this lawsuit is IMI MARKETING, INC. (hereinafter "IMI" or "Defendant") who is an unknown entity with offices at 140 E. Commonwealth Ave., suite 102, Fullerton, CA 92832 in Riverside County, California.

8. The Defendant in this lawsuit is INTEGRITY ALARMS (hereinafter "IA" or "Defendant") who is an unknown entity with offices at 1815 E. Heim Ave., #206, Orange, CA 92865, in Riverside County, California

## FACTUAL ALLEGATIONS

9. In December of 2010 Plaintiff received his credit report from Equifax and found entries indicating unknown entities, the defendants in this action, had obtained his credit report in March of 2010.

10. Plaintiff asserts that IMI obtained Plaintiff Equifax credit report on March 24, 2010, without a permissible purpose.

11. Plaintiff asserts that IA obtained Plaintiff Equifax credit report on March 24, 2010, without a permissible purpose.

12. At no time has Plaintiff ever had any business dealings or contact with the Defendants, where they may have had any permissible purpose to obtain Plaintiff's credit report.

13. Discovery of the violation brought forth herein occurred in December 2010 and is within the statute of limitations as defined in 15 U.S.C. § 1681p.

14. Defendants was in violation of the Fair Credit Reporting Act 15 U.S.C. § 1681b by obtaining Plaintiff's credit report without a permissible purpose. At the time that Defendants obtained Plaintiff's credit report, none of the specific and strictly limited circumstances that allow permissible purpose under section 1681(b) applied to Defendants.

15. Plaintiff states that at or before the time Defendants obtained Plaintiff's consumer credit report:

    A. Plaintiff did not authorize consumer reporting agency Equifax to furnish his consumer report to Defendants.

    B. Plaintiff did not authorize Defendants to obtain his consumer report from Equifax.

    C. Plaintiff did not apply for any credit, loan, or services with Defendants

    D. Plaintiff did not have any contractual relationship for credit, a loan, or services with Defendants.

    E. Plaintiff did not owe any debt to Defendants.

    F. Plaintiff did not owe any debt as the result of a judgment to Defendants.

    G. Plaintiff did not apply for any employment with Defendants.

    H. Plaintiff did not apply for any insurance from Defendants.

    I. Plaintiff did not have any existing account or credit obligation with Defendants.

J.  Plaintiff was not named as an "authorized user" on any account with Defendants.

K.  No court having jurisdiction issued any order to Equifax to furnish Plaintiff's consumer report to Defendants.

L.  No head of State or local child support enforcement agency requested Equifax to provide Plaintiff's consumer report to Defendants.

M.  No agency administering a state plan under section 454 of the Social Security Act (42 U.S.C. § 654) requested Equifax to provide Plaintiff's consumer report to Defendants.

N.  Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through Defendants.

O.  Plaintiff did not receive any "firm offer of credit or insurance" from Defendants.

## COUNT I

**VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY IMI and IA**

16. Plaintiff restates and re-alleges herein all previous paragraphs 1-12.

17. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).

18. Equifax is a credit reporting agency within the meaning of 15 U.S.C. § 1681a (f).

19. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a (d).

20. At no time did Plaintiff give his consent for Defendants to acquire his consumer credit report from any credit reporting agency nor did they have any permissible purpose to do so.

## CERTIFICATE OF SERVICE

I, Deon L. Thomas ("Plaintiff"), do hereby certify that on March 26, 2012, a copy of the foregoing documents will be served to:

IMI Marketing, Inc.
140 E. Commonwealth Ave. suite 102
Fullerton, CA 92832

Integrity Alarms
1815 E. Heim Ave., #206
Orange, CA 92865

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
dlthomas32@gmail.com
951-413-9071