Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
dlthomas32@gmail.com
951-413-9071

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon L. Thomas<br>*Plaintiff*<br><br>v.<br><br>IMI MARKETING, INC.;<br><br>INTEGRITY ALARMS<br>*Defendant(s)* | Case No. 2:12-CV-00699<br><br>**SECOND AMENDED<br>COMPLAINT** |

## SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action brought for damages for violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

### JURISDICTION

2. This court has jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. All conditions precedent to the bringing of this action has been performed.

///

///

## VENUE

4. The occurrences which give rise to this action occurred in Riverside County, California and Plaintiff resides in Riverside County, California.

5. Venue is proper in the Central District of California.

## PARTIES

6. The Plaintiff in this lawsuit is Deon L. Thomas, (hereinafter "Plaintiff") who at all times relevant herein was a resident of Riverside County, California.

7. The Defendant in this lawsuit is IMI MARKETING, INC. (hereinafter "IMI" or "Defendant") who is an unknown entity with offices at 140 E. Commonwealth Ave., suite 102, Fullerton, CA 92832.

8. The Defendant in this lawsuit is INTEGRITY ALARMS (hereinafter "IA" or "Defendant") who is an unknown entity with offices at 140 E. Commonwealth Ave., suite 102, Fullerton, CA 92832.

## FACTUAL ALLEGATIONS

9. In December of 2010 Plaintiff received his credit report from Equifax and found entries indicating unknown entities within the credit report, who is now the defendants in this action.

10. Plaintiff asserts that IMI obtained Plaintiff Equifax credit report on March 24, 2010, without a permissible purpose.

11. Plaintiff asserts that IA obtained Plaintiff Equifax credit report on March 24, 2010, without a permissible purpose.

12. At no time has Plaintiff ever had any business dealings or contact with the Defendants, where they may have had any permissible purpose to obtain Plaintiff's credit report.

13. Discovery of the violation brought forth herein occurred within the statute of limitations as defined in 15 U.S.C. § 1681p.

14. Defendants violated of the FCRA 15 U.S.C. § 1681b by obtaining Plaintiff's credit report without a permissible purpose. At the time that Defendants obtained Plaintiff's credit report, none of the specific and strictly limited circumstances that allow permissible purpose under FCRA § 1681b applied to Defendants.

15. Plaintiff states that at or before the time Defendants obtained Plaintiff's consumer credit report:

   A. Plaintiff did not authorize consumer reporting agency Equifax to furnish his consumer report to Defendants.

   B. Plaintiff did not authorize Defendants to obtain his consumer report from Equifax.

   C. Plaintiff did not apply for any credit, loan, or services with Defendants

   D. Plaintiff did not have any contractual relationship for credit, a loan, or services with Defendants.

   E. Plaintiff did not owe any debt to Defendants.

   F. Plaintiff did not owe any debt as the result of a judgment to Defendants.

   G. Plaintiff did not apply for any employment with Defendants.

   H. Plaintiff did not apply for any insurance from Defendants.

   I. Plaintiff did not have any existing account or credit obligation with Defendants.

   J. Plaintiff was not named as an "authorized user" on any account with Defendants.

K. No court having jurisdiction issued any order to Equifax to furnish Plaintiff's consumer report to Defendants.

L. No head of State or local child support enforcement agency requested Equifax to provide Plaintiff's consumer report to Defendants.

M. No agency administering a state plan under section 454 of the Social Security Act (42 U.S.C. § 654) requested Equifax to provide Plaintiff's consumer report to Defendants.

N. Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through Defendants.

O. Plaintiff did not receive any "firm offer of credit or insurance" from Defendants.

16. Considering the foregoing, each Defendant knew or should have known that obtaining Plaintiff credit report without a legitimate purpose violated his privacy rights. As such each Defendant willfully elected not to comply with the statute of the FCRA, 15 U.S.C. § 1681b, by obtaining Plaintiff credit report without purpose that is permitted by the statute.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY IMI and IA

17. Plaintiff restates and re-alleges herein all previous paragraphs 1-16.

18. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).

19. Equifax is a credit reporting agency within the meaning of 15 U.S.C. § 1681a (f).

20. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a (d).

21. At no time did Plaintiff give his consent for Defendants to acquire his consumer credit report from any credit reporting agency nor did they have any permissible purpose to do so.

22. Defendants obtaining the credit report of the Plaintiff, both of which occurred on March 24, 2010, with no permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

23. Defendants had a **duty** to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendants willfully breached said duty by failing to do so. There was no account or legitimate business need that Defendants had any rights to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

WHEREFORE, Defendants willfully elected not to comply with the statute of the FCRA, 15 U.S.C. § 1681b by obtaining Plaintiff credit report without purpose that is permitted by the statute. Plaintiff demands judgment individually against Defendants, IMI and IA for statutory damages of $1000.00 each, for total of $2000.00, costs, and any attorney's fees, pursuant to 15 U.S.C. § 1681n.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

DATE: September 11, 2012

Respectfully Submitted,

*/s/ Deon L. Thomas*
Deon L. Thomas
4626 Red Gum St.
Moreno Valley, CA 92555
dlthomas32@gmail.com