Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com




# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Deon L. Thomas
*Plaintiff*

v.

IMI MARKETING, INC.;

INTEGRITY ALARM
*Defendant(s)*

Case No. EDCV12-00699 JAK (JCGx)

PLAINTIFF DEON L. THOMAS NOTICE OF MOTION and MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST IMI MARKETING, INC. AND INTEGRITY ALARMS

Date: January ~~7~~, 24 2013
Time: ~~1:30 p.m.~~ 10:00 am
Courtroom: 750-7th Floor Roybal
Judge: John A. Kronstadt

NOTICE IS HEREBY GIVEN that on January 7, 2013, at 1:30 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable John A. Kronstadt, located at 255 East Temple Street, Los Angeles, CA 90012, Rm. 750-7 Floor Roybal, Plaintiff Deon L. Thomas ("Plaintiff") will, and hereby does, move for default judgment against IMI Marketing, Inc. ("IMI or Defendant") and Integrity Alarm ("IA or Defendant"). This Motion will be made under the provision of Fed R. Civ. P. 12(a)(1)(a), also Plaintiff has satisfied

procedural requirement pursuant to C.D. Cal L.R. 7-4 through 7-7 for default judgment.

The Procedures provides that a Defendant shall serve its answer to a complaint within twenty-one (21) days of service of the letter. The Defendant's had not filed an Answer, had not served an Answer or any other paper upon the Plaintiff, and had not otherwise responded to the summons and complaint served upon them. To this date, Defendants has undertaking no defense whatsoever in this matter.

DATED: December 12, 2012

Respectfully Submitted,

Plaintiff

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

**MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF RENEWED MOTION FOR JUDGMENT BY DEFAULT**

The Plaintiff hereby submits this Memorandum of Law in Support of his Motion for Judgment by Default against IMI Marketing, Inc. ("IMI or Defendant") and Integrity Alarm ("IA or Defendant") and states as follows:

## I. INTRODUCTION

Plaintiff asserts causes of action for violations of Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

Plaintiff and Defendants did not have or ever had an established business relationship within the meaning of FCRA. Plaintiff sent correspondence notices by U.S. Postal Service, in effort to mitigate damages prior to filing a complaint against Defendants, There were no response by Defendants until Complaint was filed.

## II. FACTUAL BACKGROUND

In December of 2010 Plaintiff received his credit report from Equifax and found entries indicating unknown entities within the credit report, who is now the defendants in this action. Plaintiff asserts that IMI obtained Plaintiff Equifax credit report on March 24, 2010, without a permissible purpose. Plaintiff asserts that IA obtained Plaintiff Equifax credit report on March 24, 2010, without a permissible purpose. At no time has Plaintiff ever had any business dealings or contact with the Defendants, where they may have had any

Defendants have filed no responsive pleadings, made no appearances, and have not otherwise attempted to contact Plaintiff to resolve the matter. On November 06, 2012, the Clerk entered default against IMI and IA pursuant to Plaintiff's request [Doc. ## 34]. To this date, the Defendants has undertaken no defense whatsoever in this matter. The Court issues an Order to Show Cause for January 7, 2013 at 1:30 p.m. regarding the filing of a renewed motion as to both Defendants [Doc. # 37].

"Before a default judgment can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682, at 14 (1998); see also, e.g., Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996). Here both IMI and IA have been effectively served pursuant to Fed. Rule of Civ. Proc. 4 and L.R. 5-3, multiple times by process server Ben Ari Manes [See Manes Decl. Doc # 30 &31]. The Plaintiff recognizes that entry of a default judgment against a Defendant is a severe remedy. *Epicentre Strategic Corp.-Mich. V. Cleveland Construct,* 2007 U.S. Dist. LEXIS 15971 (E.D. Mich. Mar. 7, 2007). However, when a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons, a default judgment is the appropriate recourse. *McNeil v. United States*, 12 Fed. Appx. 805, 807 (10th Cir. Okla. 2001). The Plaintiff would rather have this action decided upon its merit; however, since the Defendant's appear to have no

interest in participating, the only remaining avenue is the entry of default judgment against the Defendants. Plaintiff is entitled to Default Judgment pursuant to Fed. R. Civ. P. 55.

## IV.

## WILLFUL VIOLATION OF FCRA

Congress enacted FCRA in 1970 to promote the efficiency in the banking system, and protect consumer privacy. *Safeco Ins. Co. of Am. v. Burr* 551 U.S. 47, 52 (2007). In keeping with this purpose, the FCRA prohibits a person from obtaining "a consumer report for any purpose" unless the purpose is authorized by the FCRA and the purpose is certified by the user. 15 U.S.C. § 1681(f). The FCRA creates civil causes of action for both willful and negligent violations, 15 U.S.C. §§ 1681n. 1681o. If a complaint omits some necessary facts, the complaint can still be sufficient "so long as the court can plausibly infer the necessary unarticulated assumptions." *Bryson v. Gonzales*, 534 F.3d 1282, 1286-1287 (10th Cir. 2008). "Any person who willfully fails to comply with any requirement imposed [by FCRA] with respect to any consumer is liable to that consumer." 15 U.S.C. § 1681n(a)(1)(2). "[R]eckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a)." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007). IMI and IA knew or should have known and consciously avoided knowing they did not have the authority to obtain Plaintiffs' Equifax consumer report on March 24, 2010. Plaintiff pled sufficient facts to support the elements of his claim.

Defendant knew they had no permissible purpose to access Plaintiff credit report and recklessly disregarded their obligation to have a permissible purpose under the law. Order, 2012 WL 1948643 at *3.

The Defendants access to Plaintiff's Equifax credit report was impermissible because Defendants was consciously aware Plaintiff did not authorize the consumer reporting agency Equifax to furnish his consumer report to them, did not authorize IMI or IA to obtain his consumer report from Equifax, did not apply for any credit, loan, or services, did not have any contractual relationship for credit, loan, or services, Defendants did not have a signed consent or release to request information from Plaintiff, did not owe any debt, did not owe any debt as the result of a judgment with Defendants, did not apply for any employment, did not apply for any insurance, did not have any existing account or credit obligation, was not named as an "authorized user" on any account, did not receive any "firm offer of credit or insurance" from IMI or IA, therefore Defendants' recklessly avoided their obligation to have a permissible purpose.

The Defendants were more than innocently mistaking when they obtain Plaintiff credit report. Defendants knowingly, willfully and recklessly made the acquisition of Plaintiff credit report, and knew they lack the authority before obtaining Plaintiff credit report, for reason set forth herein.

Plaintiffs' position arises out of *Safeco* Court's discussion of recklessness. The *Safeco* Court explained that recklessness generally is an "action entailing an

unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68 (internal quotation marks omitted).

IMI and IA had a duty to verify the **true** identities and reasons before obtaining Plaintiff credit report, and knowingly without authorization obtained it anyway. Court are becoming very familiar with the well documented problems within consumer industry of theft, robo-signing, fraud and the substantial litigation against a person or entity for this reasons claimed by Plaintiff. Defendants' knew or should have known that they needed the authority to obtain Plaintiff's credit report before acquiring it, but consciously avoided there responsibility to act under the law. Defendants should have had procedures in place to verify all information before obtaining Plaintiff's credit report and invading his privacy, but failed to have it. Defendants had a duty to properly ascertain if there was any **legitimate** permissible purpose or business need before obtaining Plaintiff credit report, but breach their duty knowing they were not authorized to obtaining Plaintiff report. The language of the FCRA does not overcome a lack of due diligence required when dealing with the personal and private information of consumers nor does it define a "*reason to believe*" to be a simple acceptance of arbitrary information taken at face value. A "*reasonable belief*" does not equate to a lack of any semblance of due diligence to ascertain legitimacy and or correctness of the information being provided. Plaintiff had and has every reason to believe that IMI and IA deliberately breached their duty

to validate, verify and legitimize their "*authority*" before violating his rights and invading his privacy when they obtained his credit report on March 24, 2010.

**V.**

**<u>THE RELIEF SOUGHT BY PLAINTIFF SHOULD BE AWARDED</u>**

When the Court determined that a Defendant is in default, the factual allegations of the Complaint are taken as true for all purposes, excluding the determination of damages. *Pentech Fin. Servs. v. Old Dominion Saw Works, Inc.* 2009 U.S. Dist. LEXIS 55786 (W.D. Va. June 30, 2009). This rule applies whether the sought is legal or, as is this case here, *both* legal and equitable. *United States v. Woods,* 2004 U.S. Dist. LEXIS 639 (D. Minn. Mar. 31, 2004). The Plaintiff offers following summary of what he believes his evidence would have shown at a trial of this matter.

**A. <u>The Fair Credit Reporting Act 1681 et. seq.</u>**

Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to the plaintiff in an amount equal to the sum of (i) any actual damages

sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

## CONCLUSION

The allegation in the Complaint has been conclusively established as fact by virtue of the entry of defaults against Defendants. The remaining issue here is fulfilling the renewed motion and the amount of damages which should be awarded to Plaintiff.

The Plaintiff succinctly provide the Court with enough detailed information regarding IMI and IA willful violation of FCRA and ask the court to render judgment in his favor.

The FCRA allows a judgment against the defendants in an amount equal to any actual damages sustained by the plaintiff or damages of not less than $100.00 and not more than $1,000.00, and such amount of punitive damages as are deemed fair and just by the trier of fact.

The Plaintiff request the Court for one thousand ($1000.00), per individual Defendant or two thousand ($2000.00) dollars. Plaintiff requests this amount.

WHEREFORE, Plaintiff respectfully requests the entry of an order for Default judgment against the Defendant IMI and IA in the sum amount of

$2,000.00, plus cost, which is justly due and owing, for which let execution issue.

Date: December 12, 2012

Respectfully Submitted,

Deon L. Thomas, Plaintiff
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

**CERTIFICATE OF SERVICE**

I, Deon L. Thomas ("Plaintiff"), do hereby certify that a copy of the foregoing documents will be mailed by U.S. Postal to:

IMI Marketing, Inc.
140 E. Commonwealth Ave. suite 102
Fullerton, CA 92832

Integrity Alarms
140 E. Commonwealth Ave. suite 102
Fullerton, CA 92832

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
dlthomas32@gmail.com
951-413-9071

# EXHIBIT

**DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

NOW COMES Deon L. Thomas ("Affiant/Plaintiff ") of Riverside, California who is over the age of 21 years of age, competent to testify, having personal knowledge of the facts stated in this affidavit, and information contained herein are true and correct and declares as follows under penalty of perjury and states as follows:

IMI Marketing, Inc., ("IMI or Defendant") and Integrity Alarms ("IA or Defendant") was served by the following method:

**Service of Process was made On September 27, 2012 by Mr. Ben Ari Manes, in compliance with FRCP 4 and L.R. 5-3 on the Defendants IMI Marketing, Inc. and Integrity Alarms, located at 140 E. Commonwealth, # 102, Fullerton, CA 92832.**

1. In December of 2010 Plaintiff received his credit report from Equifax and found entries indicating unknown entities within the credit report, who is now the defendants in this action.
2. Plaintiff asserts that IMI obtained Plaintiff Equifax credit report on March 24, 2010, without a permissible purpose.
3. Plaintiff asserts that IA obtained Plaintiff Equifax credit report on March 24, 2010, without a permissible purpose.
4. At no time has Plaintiff ever had any business dealings or contact with the Defendants, where they may have had any permissible purpose to obtain Plaintiff's credit report.
5. Discovery of the violation brought forth herein occurred within the statute of limitations as defined in 15 U.S.C. § 1681p.
6. Defendants violated of the FCRA 15 U.S.C. § 1681b by obtaining Plaintiff's credit report without a permissible purpose.

7. At the time that Defendants obtained Plaintiff's credit report, none of the specific and strictly limited circumstances that allow permissible purpose under FCRA § 1681b applied to Defendants.

8. The complaint in this case was filed on January 31, 2012, against Defendants IMI and IA [Doc. # 3].

9. First Amended complaint in this case was filed on March 26, 2012, against Defendants IMI and IA [Doc. # 10].

10. Default has been entered as to each Defendant [Doc #'s 16, 26], in Plaintiff First Amended Complaint.

11. Plaintiff was ordered to file any amended complaint on or before September 26, 2012 [Doc. # 28].

12. Second Amended complaint in this case was filed on September 13, 2012, against Defendants IMI and IA [Doc. # 29].

13. On October 5, 2012, the Plaintiff has filed a proof of service indicating that the summons and complaint were served on both IMI and IA [Doc. # 30] and [Doc. # 31].

14. Defendants have filed no responsive pleadings, made no appearances, and have not otherwise attempted to contact Plaintiff to resolve the matter.

15. On November 06, 2012, the Clerk entered default against IMI and IA pursuant to Plaintiff's request [Doc. ## 34].

16. To this date, the Defendants has undertaken no defense whatsoever in this matter.

17. The Court issues an Order to Show Cause for January 7, 2013 at 1:30 p.m. regarding the filing of a renewed motion as to both Defendants [Doc. # 37].

18. The Defendants access to Plaintiff's Equifax credit report was impermissible because Defendants were aware Plaintiff did not authorize the consumer reporting agency Equifax to furnish his consumer report to them.

19. Plaintiff did not authorize IMI or IA to obtain his consumer report from Equifax.

20. Plaintiff did not apply for any credit, loan, or services, did not have any contractual relationship for credit, loan, or services.

21. Plaintiff did not have a signed consent or release to request information with Defendants.

22. Plaintiff did not owe any debt, did not owe any debt as the result of a judgment, did not apply for any employment, did not apply for any insurance, did not have any existing account or credit obligation, and was not named as an "authorized user" on any account, and did not receive any "firm offer of credit or insurance" from IMI or IA.

I certify under penalty of perjury in the state of California that the foregoing is true and correct.

Date: December 12, 2012

Deon L. Thomas
14626 Red Gum St.,
Moreno Valley, CA 92555

P.O. Box 105314
Atlanta GA 30348

December 3, 2010

**EQUIFAX**


To Start An Investigation, Please Visit Us At:
www.investigate.equifax.com

Deon L Thomas
14626 Red Gum St
Moreno Valley, CA 92555-4751

Dear Deon L Thomas:

Thank you for requesting your credit file, commonly called a Consumer Credit Report. Your credit file contains information received primarily from companies which have granted you credit and from public record sources. Great care has been taken to report this information correctly. Please help us in achieving even greater accuracy by reviewing all of the enclosed material carefully.

To allow us to protect your privacy and deliver prompt service, please have your confirmation number accessible when you call or visit our web site. If there are items you believe to be incorrect, you may be able to initiate an investigation request via the Internet 24 hours a day, 7 days a week at:

**www.investigate.equifax.com**

Using the Internet to initiate an on-line investigation request will expedite the resolution of your concerns.

Or you may complete the enclosed Research Request Form and return it to:

**Equifax Information Services LLC**
**P.O. Box 105314**
**Atlanta GA 30348**

***NOTE: Sending the Research Request Form to any other address will delay the processing of your request.***

**Under the FACT Act, you have the right to request and obtain a copy of your credit score. To obtain a copy of your credit score, please call our automated ordering system at: *1-877-SCORE-11*.**

**The FBI Has Named Identity Theft As The Fastest Growing Crime In America.**
Protect yourself with Equifax Credit Watch™, a service that monitors your credit file every business day and notifies you within 24 hours of any activity. To order, go to: ***www.creditwatch.equifax.com***

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Description | Creditor Classification |
|---|---|---|---|---|---|---|---|---|

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Current Status - Pays As Agreed; Type of Account - Installment; Type of Loan - Auto; Whose Account - Individual Account;

***Inquiries that display to companies (may impact your credit score)***

*This section lists companies that requested your credit file. Credit grantors may view these requests when evaluating your credit worthiness. Employment inquiries do not impact your credit score.*

| Company Information | Inquiry Date(s) |
|---|---|
| Gembpaypalsmartconn | |
| Integrity Alarms<br>*1815 E Heim Ave Ste 206 Adt - Eport Orange, CA 92865-3016* | 03/24/2010 |
| IMI Marketing, Inc.<br>*3305 E Miraloma Ave Ste 177 Adt Authorized Dealer Anaheim, CA 92806-1935* | 03/24/2010 |

***Inquiries that do not display to companies (do not impact your credit score)***

*(This section includes inquiries which display only to you and are not considered when evaluating your credit worthiness. - examples of this inquiry type include a pre-approved offer of credit, insurance, or periodic account review by an existing creditor.)*

***Company Information - Prefix Descriptions:***

PRM - Inquiries with this prefix indicate that only your name and address were given to a credit grantor so they can provide you a firm offer of credit or insurance. (PRM inquiries remain for 12 months)

PR - Inquires with this prefix indicate that a creditor reviewed your account as part of a portfolio they are purchasing. (PR Inquires remain for 12 months)

AM or AR - Inquiries with these prefixes indicate a periodic review of your credit history by one of your creditors. (AM and AR inquiries remain for 12 months)

Equifax or EFX - Inquiries with these prefixes indicate Equifax's activity in response to your contact with us for a copy of your credit file or a research request.

ND - Inquiries with this prefix are general inquiries that do not display to credit grantors. (ND inquiries remain for 24 months)

ND MR - Inquiries with this prefix indicate the reissue of a mortgage credit report containing information from your Equifax credit file to another company in connection with a mortgage loan. (ND MR inquiries remain for 24 months)

EMPL - Inquiries with this prefix indicate an employment inquiry. (EMPL inquiries remain for 24 months)

| Company Information | Inquiry Date(s) |
|---|---|

( Continued On Next Page )