# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-00699 JAK (JCGx) | Date | January 18, 2013 |
| Title | Deon L. Thomas v. IMI Integrity Marketing, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST IMI MARKETING, INC. AND INTEGRITY ALARMS (DKT. 38)

Plaintiff Deon L. Thomas has filed a renewed motion for default judgment. Dkt. 38. The Court has considered the matters raised and has concluded that, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the motion can be decided without oral argument. Consequently, the Court takes the January 24, 2013 hearing off the calendar and issues this written ruling. For the following reasons, the Court DENIES Plaintiff's motion.

The central allegation underlying Plaintiff's action is that Defendants IMI Marketing, Inc. and Integrity Alarms accessed his credit report without a permissible purpose in violation of 15 U.S.C. § 1681b, a provision of the Fair Credit Reporting Act ("FCRA"). Second Amended Complaint ¶¶ 10-11, Dkt. 29. Plaintiff seeks statutory damages for willful noncompliance pursuant to 15 U.S.C. § 1681n. *Id.* at ¶ 23. Plaintiff previously moved for default judgment on two occasions, once based on the First Amended Complaint, Dkt. 27, and once based on the Second Amended Complaint, Dkt. 33 and Dkt. 35 (separate motion filed for each Defendant). The Court denied Plaintiff's first motion because Plaintiff's First Amended Complaint did not request statutory damages and because Plaintiff had alleged no facts to establish a claim for willful noncompliance. Dkt. 28. The Court denied Plaintiff's second set of motions for default judgment because Plaintiff's Second Amended Complaint did not allege specific facts necessary to state a claim for willful noncompliance with the Fair Credit Reporting Act, in violation of 15 U.S.C. § 1681n. Dkt. 37. Rather, that complaint alleged facts consistent with negligent noncompliance, in violation of 15 U.S.C. § 1681*o*. *Id.* This distinction is significant because Plaintiff had requested statutory damages in his motions, but such damages are only available for a violation of § 1681n. Plaintiff has neither requested, nor made an evidentiary showing of, actual damages, which are the only remedy for a violation of § 1681*o*. *See Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 711 n.1 (9th Cir. 2010).

The Second Amended Complaint, Dkt. 29, remains the operative complaint for Plaintiff's renewed motion for summary judgment. The only evidence included with Plaintiff's motion is his declaration. Thomas Decl., Dkt. 38. Plaintiff declares that "Defendants were aware that Plaintiff did not authorize the consumer reporting agency Equifax to furnish his consumer report to them." Thomas Decl. ¶ 18, Dkt. 38. However, Plaintiff does not explain his basis for personal knowledge as to this statement. It is, therefore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV12-00699 JAK (JCGx) | Date | January 18, 2013 |
| Title | Deon L. Thomas v. IMI Integrity Marketing, Inc., et al. | | |

inadmissible. Unlike facts pleaded in a complaint which a defaulting defendant is deemed to have admitted, the Court does not automatically accept evidence provided in support of a motion for default. This is the sole evidence provided to the Court to support a finding of willful noncompliance rather than mere negligent noncompliance. Thus, Plaintiff does not provide any other evidence to support that Defendants acted either knowingly or recklessly, by running a risk of violating the law substantially greater than the risk associated with mere carelessness. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 68-69 (2007).

Accordingly, the Court DENIES Plaintiff's motion for default, without prejudice to his filing and serving an amended complaint to allege specific facts that, if established, would demonstrate that Defendants violated 15 U.S.C. § 1681n, by acting either knowingly or recklessly, by running a risk of violating the law substantially greater than the risk associated with mere carelessness. Any amended complaint must be filed or on before January 28, 2013.

**IT IS SO ORDERED.**

                                                                                      :

Initials of Preparer    ak